**[J-16A-2017 and J-16B-2017] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 28 EAP 2016
:
        Appellant : Appeal from the Judgment of Superior
: Court entered on 12/21/2015 at No.
: 1702 EDA 2014 (reargument denied
        v. : 02/11/2016) affirming the Order entered
: on 04/02/2014 in the Court of Common
: Pleas, Philadelphia County, Criminal
SALEEM SHABEZZ, : Division at No. CP-51-CR-0015450-
: 2013.
        Appellee :
: ARGUED: March 8, 2017

COMMONWEALTH OF PENNSYLVANIA, : No. 29 EAP 2016
:
        Appellant : Appeal from the Judgment of Superior
: Court entered on 12/21/2015 at No.
: 1639 EDA 2014 (reargument denied
        v. : 02/11/2016) affirming the Order entered
: on 05/15/2014 in the Court of Common
: Pleas, Philadelphia County, Criminal
SALEEM SHABEZZ, : Division at No. CP-51-CR-0012538-
: 2013
        Appellee :
: ARGUED: March 8, 2017

## CONCURRING OPINION

**JUSTICE MUNDY**                                  **DECIDED: July 19, 2017**

     I agree that Appellee does not need to show a reasonable expectation of privacy in the Acura under *Katz v. United States*, 389 U.S. 347 (1967). As the Majority correctly points out, this is not a case where Appellee was directly challenging the search of the vehicle, but rather the seizure of his person when the vehicle was stopped. Therefore, Appellee need only show that the search of the vehicle was causally connected to the

seizure as "fruit of the poisonous tree."  As the Court ably explains, but for the seizure of the car, the Acura would have been able to leave the parking lot and proceed on its way down the road.  Therefore, Appellee never would have fled the Acura and it never would have been searched.  Moreover, the Commonwealth has failed to show any factor that would break the chain of causation in this case.

However, I note that the Court's decision should not be read to suggest all searches stemming from unconstitutional seizures are automatically fruit of the poisonous tree.  The Fourth Amendment does not generally tolerate per se rules, as they are contrary to the standards of reasonableness and probable cause built into the amendment's text.  *See* U.S. CONST. amend. IV; *Commonwealth v. Smith*, 77 A.3d 562, 571 (Pa. 2013) (stating, "[i]n Fourth Amendment/Article I, Section 8 cases, this Court and the United States Supreme Court have been equally clear that per se rules . . . are extremely disfavored[]").  Although this case is relatively straightforward, other cases may arise where the chronology of events is more complex, which may alter the calculus.  *See generally United States v. Johnson*, 383 F.3d 538, 545 (7th Cir. 2004) (officer who stopped vehicle recognized Johnson as having an outstanding warrant, which gave probable cause to arrest, independent of the traffic stop); *United States v. Green*, 275 F.3d 694, 699 (8th Cir. 2001) (consent of driver caused search of vehicle, not seizure of passenger).

The instant case requires only a straightforward application of the fruit of the poisonous tree doctrine.  Here, the Majority concludes that Appellee need not show a reasonable expectation of privacy in the Acura and that the search was causally connected to the seizure.  With the understanding that the Court does not go beyond those two conclusions, I join its opinion.

Justice Baer joins this concurring opinion.